WILLIAM J. WILLIAMS, RESPONDENT, v. THE CITY OF BUFFALO, APPELLANT.

*Costs — Section 3245 of the Code of Civil Procedure — who is " the chief fiscal officer of the corporation " within the meaning of — Charter of the city of Buffalo.*

APPEAL from an order of the Erie County Court, affirming a taxation of the plaintiff's costs on a verdict in his favor.

The claim on which the plaintiff recovered in this action was for work done in building an engine-house for the city of Buffalo. The ground on which the appellant sought to set aside the taxation of costs was that the claim was not presented for payment to the comptroller of the city before suit.

Section 3245 of the Code of Civil Procedure provides that "costs cannot be awarded to the plaintiff, in an action against a municipal corporation in which the complaint demands a judgment for a sum of money only, unless the claim upon which the action is founded was, before the commencement of the action, presented for payment to the chief fiscal officer of the corporation."

The comptroller of the city of Buffalo is charged with the super-

intendence of the fiscal concerns of the city and the management of the same. (Charter, Laws 1870, chap. 519, tit. 2, § 27.) And it is made his duty, by and with the advice and consent of the common council, to appoint an auditor who shall examine and report upon all unliquidated claims against the city before the same shall be audited by the common council. (Id.) Money shall only be drawn from the treasury by warrants authorized by the common council and signed by the mayor and city clerk and countersigned by the comptroller. (Id., § 30.) No action or proceeding to recover or enforce any unliquidated claim against the city shall be brought until the expiration of forty days after the claim shall have been presented to the common council for audit, * * * and the common council before auditing shall refer it to the auditor. (Id., tit. 3, § 7.) The claim in suit was presented to the common council, and was by the council referred to the auditor, as provided by the charter.

The court at General Term said : " Was not the presenting of the claim to the common council a sufficient compliance with section 3245 of the Code?

The case of *Butler* v. *The City of Rochester* (4 Hun, 321), arose under chapter 262 of 1859, the provisions of which were (in all respects material to the question before us) similar to those of the section of the Code above quoted. That act is no longer in force, and the section of the Code is a substitute for it. It was held in the case of Butler that the presentation of a claim to the common council was a sufficient compliance with the act of 1859, especially when the corporate powers are so distributed that the officer who, from his duties, might be assumed to be the chief fiscal officer of the corporation, has no power to pay the claim if presented to him. The decision seems to be an authority for the order appealed from, and in concurrence with it, we affirm the order."

*E. C. Hawks*, for the appellant.

*Giles E. Stilwell*, for the respondent.

Opinion by SMITH, P. J.; HARDIN and HAIGHT, JJ., concurred.

Order of County Court affirmed, with ten dollars costs and disbursements.